## GULF REFINING CO. v. FIRST STATE BANK OF STAMFORD.    (No. 444.)

Court of Civil Appeals of Texas. Eastland.
May 11, 1928.

Rehearing Denied June 8, 1928.

1. **Banks and banking** ⬅️138—Principal, accepting exchange agent bought with principal's funds agent placed in bank, could not hold bank liable for conversion on noncompliance with check indorsements.

Principal, accepting exchange which his agent had bought with principal's funds which agent had deposited in bank, could not hold the bank liable for conversion of funds, though the directions in principal's rubber stamp indorsement on checks had not been complied with literally.

2. **Banks and banking** ⬅️138—Principal could not receive proceeds of deposit, then recover from bank for breach of instructions as to disposition of funds.

Principal could not receive the proceeds of bank deposits of principal's money made by principal's agent and then recover from the bank for breach of instructions contained in rubber stamp indorsement, relative to disposition of funds placed in bank by agent.

Appeal from District Court, Jones County; M. S. Long, Judge.

Suit by the Gulf Refining Company against the First State Bank of Stamford. Judgment for defendant, and plaintiff appeals. Affirmed.

Coombes & Andrews, of Stamford, and H. H. Jennings, of Houston, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, and Davenport & Hardwick, of Stamford, for appellee.

HICKMAN, C. J. We have hesitated to write on this case. Able counsel have filed well-prepared briefs discussing many interesting questions of law, but to our minds none of the questions discussed are raised by the

pleadings. The views which we entertain regarding the pleadings render the case easy of disposition. The suit was for the conversion of checks and the funds derived from such checks, as is disclosed by the material portions of appellant's (plaintiff's) petition, as follows:

"I. That heretofore, to wit, on or about January 1, 1926, and continuing to about September 15, 1926, the plaintiff was operating a station at Stamford, Tex., for the sale of gasoline, kerosene, and other petroleum products, with G. E. Hinds in charge of said station as a commission man, deriving his compensation for services rendered solely from commissions allowed on sales of such products made by the said G. E. Hinds.

"That a part of the duties imposed upon the said G. E. Hinds was the collection of moneys due the Gulf Refining Company, arising from the sale of said products, with definite instructions to the said G. E. Hinds from the plaintiff as to the manner of handling, collecting, and remitting such moneys to the plaintiff herein, such instructions, in part, covering the manner of indorsing checks received in payment of accounts, said indorsement reading as follows:

" 'Pay to the order of First State Bank of Stamford, Tex., for Houston exchange, payable to Gulf Refining Company only. Gulf Refining Company.'

"Such instructions also consisting in part of directions and instructions to the said G. E. Hinds to handle all funds belonging to the Gulf Refining Company, through the defendant, the First State Bank of Stamford, Tex.

"II. Pursuant to such instructions, in so far as they applied to indorsement of checks, the said G. E. Hinds handled through the defendant, the First State Bank of Stamford, Tex., checks belonging to plaintiff and bearing the indorsement hereinabove alleged, aggregating a large amount, of which amount checks each bearing such indorsement, aggregating the sum of ninety-eight hundred fifteen and 84/100 dollars ($9,815.84) were, through the exercise of a wrongful, unlawful dominion over the same, converted by the defendant, to its own use and benefit.

"III. That, disregarding the plain intent of such indorsement, the defendant, the First State Bank of Stamford, Tex., through the exercise of a wrongful, unlawful dominion over said funds, converted, over a period of time beginning on or about January 1, 1926, and ending on or about September 15, 1926, the said ninety-eight hundred fifteen and 84/100 dollars ($9,815.84) to its own use and benefit, to the plaintiff's damage in the sum of ninety-eight hundred fifteen and 84/100 dollars ($9,815.84)."

At the conclusion of the introduction of evidence, the trial court instructed the jury peremptorily to return a verdict that appellant take nothing by its suit, and judgment was rendered in accordance with the verdict so returned.

[1] The undisputed facts disclose that there were various deposits made in appellee bank by appellant's agent Hinds during the period from January 1, 1926, to September 15, 1926, aggregating the sum of $38,930.60. The account was carried in the name of "Gulf Refining Company, G. E. Hinds, Agent, City." No other account was carried in the bank by the agent Hinds. In this account were deposited the checks payable to appellant and indorsed with the rubber stamp described in the petition above and also several thousand dollars in cash belonging to appellant, as well as several thousand dollars belonging to the agent Hinds personally. The account was used by Hinds as a general checking account. The directions contained in the indorsement by rubber stamp, "For Houston exchange, payable to Gulf Refining Company only," were not literally complied with. Instead, the agent deposited the checks and then from time to time purchased from the bank Fort Worth exchange, paying for such exchange by checks drawn by him on said account. Appellant received and accepted this exchange without question, and no objection was ever made thereto. The amount of exchange so purchased by the agent and received and accepted by appellant exceeded the total sum of all checks of whatever nature deposited in the account. Appellant therefore clearly failed to make out any case based upon a conversion of the checks or funds derived therefrom.

[2] But the case is briefed here as if the question involved was the liability of the appellee bank on account of its having honored the checks of the agent Hinds against the funds deposited in the bank in the form of cash belonging to appellant and that belonging to the agent himself. The petition above copied does not put that question into issue. Paragraph No. 2 clearly and expressly declares upon a cause of action based upon a conversion of checks bearing the indorsement copied above. Paragraph No. 3 predicates the liability of appellee upon its alleged disregard of the intent of the rubber stamp indorsement on checks and charges a conversion of "the said ninety-eight hundred fifteen and 84/100 dollars ($9,815.84)." Nowhere in the petition is appellee charged with a conversion of any other fund than that represented by such checks. Liability is predicated solely upon a breach of the instructions contained in the indorsement. Appellant cannot complain of this breach of instructions, because it offered no evidence that it did not receive and accept the exchange sent it. It is elementary that it could not retain that exchange or its proceeds and still be entitled to recover of appellee for a breach of the instructions.

What we have stated above disposes of the only question raised by the pleadings and leads to an affirmance of the case. However, in deference to the contentions of appellant, we think it proper to state, without discussion, that, even if the pleadings had put into issue the liability of appellee on account of its having honored the checks of Hinds drawn

on the account as a whole, the evidence fails to make an issue of fact thereon. There was no privity between appellant and appellee, and no notice brought home to appellee of any lack of authority in Hinds to withdraw from the bank money which he had deposited there in the form of cash. Neither does the evidence disclose that Hinds did not, as a matter of fact, have such authority. Even though the evidence should have disclosed that the bank knew that this was a trust fund, that fact would not make it guilty of conversion by merely honoring the checks of Hinds drawn thereon. Interstate Nat. Bank v. Claxton, 97 Tex. 569, 80 S. W. 604, 65 L. R. A. 820, 104 Am. St. Rep. 885; Texas, etc., Ins. Co. v. Dallas Trust & Savings Bank (Tex. Civ. App.) 295 S. W. 665 (error refused).

The judgment of the trial court will be affirmed.